

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 11, 1950

Hon. John Ben Shepperd　　Opinion No. V-1104
Secretary of State
Austin, Texas　　　　　Re: Whether corporation may
　　　　　　　　　　　　be chartered under Sub-
　　　　　　　　　　　　division 105, Art. 1302,
　　　　　　　　　　　　V.C.S., to furnish
　　　　　　　　　　　　"recreational" facilities
　　　　　　　　　　　　on a charitable and educa-
Dear Sir:　　　　　　　tional basis.

　　　　　Your recent request for an opinion asks whether the proposed Weslaco Recreation Association is required to be incorporated under Section 9 of Article 1302, Vernon's Civil Statutes, rather than under Subdivision 105 of that Article authorizing corporations to be formed for "Religious, Charitable, Literary, Scientific or Educational" purposes.

　　　　　The proposed charter states its purpose to be:

> "The purpose for which it is formed is to support charitable and educational endeavors for the benefit of the area surrounding the community of Weslaco, Texas, by providing wholesome recreation for children of school age during vacation time, especially, and throughout the year on a limited basis, and to provide limited facilities for adult recreation throughout the year, as authorized by Subdivision 105 of /Article 1302, V.C.S./."

　　　　　You state that, in view of opinions of former Attorneys General, cited in Attorney General Opinion O-1171 (1939), you conclude that this corporation may only be chartered under Subdivision 9 of Article 1302 authorizing corporations

> "to support and maintain bicycle clubs, and other innocent sports."

　　　　　You suggest that the activity recited in the quoted purpose clause is not primarily "educational" although you recognize the broad connotation of that term indicated in Conley v. Daughters of the Republic, 106 Tex. 80, 156 S.W.197 (1913), where it is stated that the term "education" as used

in the statute includes

> "In its broadest sense, --- not merely the
> instruction received at school or college, but
> the whole course of training, moral, intellectual
> and physical; it is not limited to the ordinary
> instruction of the child in the pursuit of liter-
> ature."

At the outset we direct your attention to the fact
that the organization proposes to support charitable and edu-
cational endeavors by providing "recreation" for school
children and adults. Such a purpose is not synonymous with
supporting sports clubs or sports activities, although it may
include the support of sports as a recreation. It might also
include other forms of recreation not commonly denominated
"sports".

We see no reason why "sports" or "recreation" may
not be supported on a charitable or educational basis. Sub-
division 9 is designed to authorize other than purely chari-
table or educational enterprises supporting "innocent sports."
Subdivision 105 is, of course, much broader than Subdivision
9 and may include activities set out in Subdivision 9 main-
tained, however, on a charitable or educational basis.

The prior opinions referred to point out that to
qualify as a corporation whose purpose is to support educa-
tional endeavors, education must be the primary object. Incor-
poration under such a charter, therefore, limits the activities
of the corporation to those which are primarily educational.
The fact that such a corporation might later deviate into ac-
tivities outside or beyond its corporate powers does not prevent
its incorporation under such limitations. The stated purpose
here is twofold, however, and such a corporation is not limited
to activities which are primarily educational if they are in
fact charitable.

You are, therefore, advised that the subject corpora-
tion may be chartered under Subdivision 105. Its activities
will, however, be limited as indicated.

## SUMMARY

A corporation whose purpose is to support charitable and educational endeavors in a community by providing vacation time recreation for children of school age and limited recreational facilities for adults may be incorporated under Subdivision 105 of Article 1302, V.C.S. Such activities must be charitable or primarily educational in fact.

Yours very truly

APPROVED:

PRICE DANIEL
Attorney General

Everett Hutchinson
Executive Assistant

By

Ned McDaniel
Assistant

Charles D. Mathews
First Assistant

NMc/rt